[1, 2] The proceeding is nominally brought under subdivision 1 of section 159 of the Village Law. That subdivision gives a right of damages for a change of grade made by the village itself. The broadening of the highway made by the filling in of the sides to make safe the new grade established by the state did not constitute a change of grade, within the ordinary understanding of that term, or within any reasonable interpretation thereof. Whitmore v. Village of Tarrytown, 137 N. Y. 416, 33 N. E. 489. It was only an incident to the change of grade by the state. The proceeding, therefore, cannot be maintained under subdivision 1 of this section. Under subdivision 2 of the section, however, an adjoining owner is given a remedy against the village for an injury caused by a change of grade not made by the village itself. Subdivision 2 was taken from chapter 113 of the Laws of 1883, as amended by chapter 281 of the Laws of 1884. These statutes were considered in Matter of Torge v. Village of Salamanca, 176 N. Y. 324, 68 N. E. 626. While the petition purports to be brought under subdivision 1 of section 159, facts are alleged sufficient to authorize a recovery under subdivision 2 of that section, and no reason is apparent why the plaintiff should be denied his remedy because he has mistaken the subdivision of the statute under which his right to redress may exist. If the defendant has been misled by the form of petition, upon showing such facts the court will give adequate relief. Without proof of such facts, however, this court should give such relief to the plaintiff as the facts of the case will warrant, and irrespective of the technical form of the application. The order should therefore be affirmed, with costs.

Order unanimously affirmed, with costs. All concur; LYON, J., in result.

---

PATERSON v. ST. PAUL FIRE & MARINE INS. CO. OF ST. PAUL, MINN.

(Supreme Court, Appellate Division, Third Department. July 1, 1914.)

INSURANCE (§ 236*)—FIRE POLICIES—CANCELLATION.

 Defendant directed its agent to cancel a policy on plaintiff's hotel, which authorized the insurer to cancel the policy upon five days' notice. The agent who also acted as agent for another company prepared a substitute policy, and his clerk notified plaintiff's agent of the proposed cancellation and offered to exchange policies, but as the policy written by defendant was in plaintiff's possession, the exchange was not affected, and the agent's clerk retained the substituted policy. *Held*, that there was no exchange of policies, and the policy written by defendant remained in force during the five-day period.

 [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 508; Dec. Dig. § 236.*]

Appeal from Trial Term, Schenectady County.

Action by Minnie W. Paterson against the St. Paul Fire & Marine Insurance Company of St. Paul, Minn. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Eugene D. Flanigan, of Albany, for appellant.
Del B. Salmon, of Schenectady, for respondent.

JOHN M. KELLOGG, J.  The defendant and the Michigan Commercial Insurance Company were represented at Schenectady by the same agents.  The agents had in due form issued the defendant's insurance policy to the plaintiff upon her hotel.  The building was burned February 9, 1913, and the plaintiff has recovered this judgment for her loss.  On February 3d the defendant notified its agents to cancel the policy, and the agents wrote a new policy for the same amount in the Michigan Commercial Insurance Company and made proper entries upon their books showing the cancellation of the one policy and the issuance of the other.  On the 6th of February, the clerk of the insurance agents swears that he called upon the plaintiff's husband, who transacted this insurance business and her other business for her.  The clerk had with him the defendant's policy in a package of papers.  He told the husband that the defendant company had written the agents to cancel the policy, and asked him for it.  The husband said it was not there; that his wife who was absent from home had it, but as soon as he got it he would bring it to the office.  The clerk did not then produce the new policy, and did not deliver or offer to deliver it to the husband.  His instructions from the agents was to exchange policies, and he was properly performing his duty in not delivering or offering to deliver the new policy.  Evidently he was not willing to deliver that policy until the defendant's policy was surrendered.  It is urged that if he had delivered it there would have been double insurance upon the property, which would have invalidated both policies.  The defendant's policy, in the standard form, gave the company the right to cancel it after five days' notice, thus giving the insured an opportunity to obtain reinsurance.  The fire occurred before the five days had elapsed.  It is evident that this transaction before the fire was not considered by the husband or by the agents as a change of one policy for the other.  The agents had proposed the change, and the husband was willing to make it when he received the policy so that it could become effectual.  In the meantime the agents retained the new policy.  The transaction with the husband is only important as showing that due notice of the cancellation had been given, and that in five days thereafter the risk would terminate.  The husband denied the alleged conversation with the clerk before the fire.  The trial judge, in his opinion, does not refer to the denial.

We approve of the able opinion of Justice Van Kirk at the trial, and it is unnecessary to consider the other questions which are fully covered by him.  It is urged before us that the trial court did not give full consideration to the transaction with the husband before the fire and we have therefore briefly considered that question.

The judgment should be affirmed, with costs.  All concur.